**In re the Petition for DISCIPLINARY ACTION AGAINST John P. VITKO, an Attorney at Law of the State of Minnesota.**

**No. C6–91–399.**

Supreme Court of Minnesota.

March 29, 1991.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent John P. Vitko has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent was a partner at a large law firm from 1977 until 1985 when respondent's partnership was terminated by the firm; during the time respondent was a partner at the law firm, respondent also was considered an employee of Specialty Manufacturing Company, a corporate client of respondent's for whom respondent served as legal counsel, representative of certain shareholders and corporate secretary; beginning in 1980, Specialty began paying respondent a monthly salary and yearly bonus; respondent disclosed this additional income to his law firm and agreed to assign his salary and bonus checks from Specialty to the law firm; respondent assigned his salary and bonus checks to the law firm, but did not disclose that income taxes and FICA payments had been withheld from the checks on behalf of respondent; in 1984, when the law firm informed respondent that the firm would be terminating respondent's partnership effective June of 1985, respondent instructed Specialty to withhold his entire 1984 bonus check as taxes and FICA, thereby failing to forward the bonus payment to the firm or disclose the payment to the firm in any way. The law firm brought a civil action to recover the monies owed it by respondent and the parties have since settled the matter.

Along with the petition in this matter, the Director filed a stipulation for discipline between the Director and the respondent. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and acknowledged that, by doing so, the allegations contained in the petition could be deemed admitted by this court. Respondent specifically admitted that his handling of the bonus payment was improper and agreed that the rule violation alleged in the petition is supported by the factual allegations as deemed admitted. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, John P. Vitko, hereby is publicly reprimanded pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.